## Logan's Assigned Estate.

*Practice, C. P.—Rules of court—Departure from rule—Discretion.*

Where a matter is within the discretion of the court and the substance
of a rule of court is observed, a departure by the court from the form of the
rule is immaterial.

*Auditors—Auditor's findings of fact—Decedents' estates—Husband and wife
—Gift.*

A finding by an auditor that the proceeds of a life insurance policy on
the life of a husband claimed as a gift by the wife was in fact the property

of the husband when such finding is based upon competent evidence, and confirmed by the court below, will not be reversed by the Supreme Court in the absence of manifest error.

Argued Oct. 18, 1905. Appeal, No. 57, Oct. T., 1905, by Hannah I. Moulds, from order of C. P. Beaver Co., Dec. T., 1904, No. 2, dismissing exceptions to auditor's report in case of Assigned Estate of Logan & Moulds. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of Edwin S. Weyand, Esq., auditor.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*J. H. Cunningham*, for appellant.

*W. A. McConnell* with him *Alfred P. Marshall, David A. Nelson* and *Winfield S. Moore*, for appellee.

PER CURIAM, January 2, 1906 :

The appellant's claim was presented at the audit of the first account of the receiver, testimony taken in regard to it, and the auditor passed upon it adversely, but before his report was confirmed the claim and the evidence upon it were withdrawn by leave of the court. Upon the audit of the receiver's second account the claim was again presented, and after testimony had been taken in regard to it the claimant demanded an issue. This the auditor refused on the grounds that all the facts being before him there was no occasion for an issue, and further that the demand was too late. This raises the first question in the case.

The rule of the court below on the subject of auditor's reports, provides for a hearing on exceptions to confirmation, etc., and that "if the court think that a question of fact ought to be tried by a jury, it may order an issue or issues for the purpose." It would have been more regular for the auditor to have followed the rule strictly and instead of refusing the issue him-

self, to have reported the demand and the evidence to the court. Whether or not the demand was too late was not clear, as it might depend largely on the court's view of its previous order allowing the withdrawal of the claim from the first audit. But this error of the auditor, whether material or not, was cured by the subsequent action of the court which reviewed the whole matter and confirmed the result arrived at by the auditor. Where a matter is within the discretion of the court, as this clearly was, and the substance of the rule is observed, a departure by the court from the form of the rule is immaterial.

The second question is upon the sufficiency of the evidence to sustain the claim. The only testimony was by the appellant herself, her husband and their son, who testified that the policy was taken out by the husband for the wife, in pursuance of a previous agreement between them; that when it was delivered to him he took it home and gave it to his wife saying it was hers; that she put it in a box they had " for keeping papers in " and she retained that possession until it matured; that she " looked after the payment of the premiums " though they were paid with his money, because he " had the money lying with the firm, and drew on the firm and gave her the money ; " and that he was not in debt at that time. Against this the evidence, as summed up by the auditor, was that the policy was taken out by the husband on his life, to mature in fifteen years, payable in case of his death before maturity, to his wife, and at maturity, to himself. He lived until the policy matured; it was paid to him, in a check to his order, deposited in his name in the bank, though the deposit was claimed to have been actually made by the wife, and shortly thereafter, a part of it checked out by him and given to the firm of which he was a member. Furthermore, part of the proceeds of the policy was given by Mr. Moulds to his son, a part used by him to pay a debt of his to the bank, and a part used for payment of the household expenses of the Moulds' home. The auditor therefore found that the title to the money had never passed out of the husband, and accordingly rejected the claim.

On exceptions the court reviewed the whole case and though taking a somewhat more lenient view of the appellant's testimony, yet came to the same conclusion as the auditor. " The claim is contradicted " he said, " by every record in the case," and

conceding that every word of the appellant's testimony and her husband's might be true, yet as a whole it is not clear and convincing, and falls short of the standard required to establish such a claim against creditors.

This conclusion was irresistible.

Decree affirmed.